Thank you. Good morning. May it please the Court, my name is Guadalupe Garcia and I represent the petitioner Mr. Hugo Jimenez-Perez. I would like to reserve two minutes for rebuttal. You may just keep an eye on the clock. Thank you. Mr. Jimenez's underlying petition for review challenges the Board's dismissal of his appeal to the immigration judge, dismissing his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture. Although we raised a constitutional question regarding his U.S. citizen daughter aging out while the application was pending, Mr. Jimenez understands the difficulty of such an argument and I will focus on our asylum, withholding, and Convention Against Torture arguments. The immigration judge held that the Respondents' Council had conceded on the one-year issue regarding the asylum application. Our argument is that the immigration judge committed an error based on the record of neither myself or Mr. Jimenez's prior counsel ever waived the one-year issue. Our position is that Mr. Jimenez raised the argument of exceptional circumstances in his declaration and in his testimony and this should have been considered by the immigration judge when she issued her decision regarding Mr. Jimenez's asylum application. Mr. Jimenez not only argued changed circumstances in his declaration, he also stated the fear of his return and the changed circumstances in his testimony before the immigration judge. Mr. Garcia, suppose we agree with you on, if we were to agree with you on timeliness, the board also said that it didn't think that any harm would be on account of a protected ground. So can you address that and in particular the proposed group of returnees from the United States? What was wrong with the IJ's finding that that is insufficiently particular to constitute a particular social group? Yes, Your Honor. The group consisting of returnees from the United States to Mexico, the members do share a common immutable characteristic specifically that they are returning to Mexico from the United States. And the particularly and socially distinct issue is also covered specifically because this is something that Mr. Jimenez did testify to in court. There is a socially distinct issue. When they return from the United States, it's very common knowledge that they are returning from the United States. They are people who are not from the area, have not been in the area usually for many years, and it is recognized and questioned where are they coming from and known that they are returning from the United States, thus making them specific targets for kidnapping, extortion, and making them specific targets. Ms. Garcia, how do you deal with all the case law in the Ninth Circuit that basically has recognized, has said, has held that returning Mexicans to Mexico are not a protected group? I do. I understand that, Your Honor. Doesn't that foreclose your argument? I understand the case law from this court. Our position… You didn't answer my question. Are we free to ignore our existing case law? And if so, on what basis? The court is not free to ignore the case law. Our position would be the continual changed circumstances in this country, the increase and victimization of returnees. Our position would be, for Mr. Jimenez, just the increase and the possibility of case law, of this court reconsidering its decision. Do you think that the evidence that you presented here, not of how dangerous things are, but of whether this group is or is not perceived as a distinct social group, is that evidence different from the evidence that we considered in the prior cases that Judge Páez was referring to? In this, Mr. Jimenez's case, I think, my argument would be that the difference would be the information, including the country report and the articles, demonstrating the increased victimization of returnees to Mexico. Specifically, deportees who are removed and are returning to Mexico. That would be our position on behalf of Mr. Jimenez. You're nearing two minutes, so if you want to reserve some time… Yes, Your Honor, thank you. Okay, we'll hear from the government now. May it please the court, Jeffrey Liest, appearing on behalf of the Attorney General. Substantial evidence supports the agency's denial of the petitioner's applications for cancellation and removal, as well as asylum and related relief and protection. If the court has any questions regarding the denial of the cancellation and removal application, I'm more than happy to answer them. But I think that the actual factual finding is not reviewable about whether or not the petitioner's child had aged out. And the equal protection issue, I think it's just simply there is…the petitioner has not shown there is no rational basis for the distinction between children under the age of 21 and over the age of 21. Turning to the petitioner's applications for asylum and related relief, the petitioner simply has not shown there is any likelihood of harm on account of a protected ground if he returns to Mexico. There is no past persecution in this case. There is no allegation of past harm. There is no individualized or specific risk to the petitioner in this case. There is no evidence that anybody is looking for him. There are no threats, nothing of that nature. He simply has not shown that because he is a returnee, even if that was cognizable, he hasn't shown that that's a basis. But as the court has already been discussing, the returnee's issue has been repeatedly addressed by this court and repeatedly found to be insufficient to demonstrate eligibility for asylum and relief. The distinction that was raised by the petitioner to try and get around that was the discussion of the term migrants in the evidence that they submitted. But that just refers to people who are traveling to or through Mexico without documents, primarily from their southern border, not returnees from the United States who are Mexican citizens. So there is really nothing in the record to distinguish the group the petitioner has set forth from the groups that have been previously considered and rejected by this court. The petitioner also hasn't shown that there's any indication that he would face harm because he is a Catholic. The petitioner's family, who have remained in Mexico for these 25 years or so, have been practicing Catholics without suffering any harm. There is no evidence in the record that actually addresses harm befalling Catholic practitioners or Catholic males. The one piece of evidence the petitioner points to is a document that I believe is the country report, which again does not address Catholic practitioners, which the petitioner would be one, or Catholic males. It addresses clergy and church leadership who have suffered some incidences of threats and harm. But it certainly is not indicative that the petitioner, as a mere practitioner of the religion, would be at any risk of facing harm if he returns to Mexico. The petitioner also raised an argument that the board essentially created a blanket prohibition on any and all claims relating to gangs or cartels or violence. But the citation to Zatino in this case is simply reflecting this court's long tradition or long precedent of finding that when you were seeking relief, it cannot be based on a general fear of conditions. It cannot simply be that I don't want to go back to Mexico because the gangs are there or the cartels are there or it's just a violent place. It actually has to be linked to a protected ground. It is not a blanket prohibition saying that if you actually show that you were or would be targeted because of your religion or your ethnicity or what have you, that because the actors who are responsible are criminals, that that somehow bumps you out of the process. It is simply a reiteration of this court's precedent that a claim that at its heart is simply an aversion to gangs, a decision that you don't want to be harmed by the criminal element that affects all elements of society in Mexico, is not going to be sufficient. Mr. Liske, I have a question for you about the board's decision and their footnote one. Okay. Do you understand that footnote to mean that the board was denying the asylum application on the basis of timeliness? Or was it just didn't address it and just said, well, even if it is timely, can't show? I believe it is both, Your Honor. I will admit that the board's decision is a little bit weirdly structured. I would have certainly not had that footnote at the end of the decision. I would have bumped it to the front. But the board acknowledged the petitioner's argument that the council had not waived the issue. But then the board says, you know, this is still a very untimely asylum application. So I think it is kind of a reiteration of the fact of the untimeliness. But I think that at the end of the day, because the board ultimately does also adopt the alternative merits determination, the timeliness, while I believe it is supported by substantial evidence, even if the court were to find it to be to deem it timely or to find that it's unnecessary to address the issue because of the alternative merits determination. Do we even have to address the I mean, can't we just decide that even just as the board did here, even assuming it's timely?  I mean, you absolutely can, Your Honor. But just in the terms of completeness, and because it was a little bit weird the way the board phrased it and addressed it, that is why we addressed both the timeliness and the merits. But the court certainly can beg a masbad, you know, withhold judgment on that issue if it's otherwise going to deny the petition for review on the merits. Okay, thank you. Finally, regarding the petitioner's application for torture protection, again, the petitioner simply has not shown anybody in Mexico has any interest in torturing him. There is no individualized risk here. And the background documents, the country conditions the petitioner points to, have repeatedly found to be insufficient on their own to demonstrate the requisite individualized risk of torture. If there are no further questions. Thank you. It's released.  You're muted. I apologize. No worries. I would only, Your Honor, readdress the judge's error in stating that Mr. Jimenez's counsel had conceded the one-year issue. The record simply does not show that prior counsel or myself conceded the one-year issue. I would argue this should have been considered, changed circumstances should have been considered on the asylum application in this case. And with that, Your Honors, if there aren't any questions, I will suspend. Thank you, Ms. Garcia. We thank both counsel for the arguments this morning and the case that was submitted. Thank you. Have a good morning. Thank you.
judges: PAEZ, MILLER, VANDYKE